IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 13-cv-01876-RBJ-KLM

DONOVAN CRAIG MATTHEWS,

    Applicant,

v.

BOBBY BONNER, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Donovan Craig Matthews, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Matthews, acting *pro se*, filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 14) challenging the validity of his conviction in Adams County, Colorado, district court Case No. 07CR1097.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    In an order entered on December 4, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those affirmative defenses in this action.  On January 21, 2014, after being granted an extension of time, Respondents filed their pre-answer response (ECF No. 22).  Mr. Matthews did not file a reply to the pre-answer response, although he was provided with

the opportunity to do so.

The Court must construe Mr. Matthews' filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

### I. Background and State Court Proceedings

Mr. Matthews was convicted by a jury in Arapahoe County District Court Case No. 07CR1097 of first-degree assault (causing serious bodily injury with a deadly weapon), two counts of second-degree assault (causing bodily injury with a deadly weapon), third-degree assault, and illegal possession of a weapon by a prior offender.   ECF No. 22, ex. D (*People v. Matthews*, No. 08CA0904 (Colo. Ct. App. Sept. 16, 2010) (unpublished)) at 3.   The trial court merged the second- and third-degree assault convictions into the first-degree assault conviction, and imposed concurrent prison sentences of twenty-six years for the assault conviction and one year for the illegal weapon conviction.   ECF No. 22, ex. D at 3-4.

Applicant appealed directly to the Colorado Court of Appeals, which on September 16, 2010, affirmed his convictions.   ECF No. 22, ex. D.   On January 18, 2011, the Colorado Supreme Court denied certiorari review.   ECF No. 22, ex. F.   On June 2, 2011, Mr. Matthews filed a motion for sentence reconsideration, which the trial court denied the same day.   ECF No. 22, ex. A (state court register of actions) at 8.   Applicant did not appeal.

On June 17, 2011, Mr. Matthews filed a motion for postconviction relief.   ECF No. 22, ex. A at 8.   On September 22, 2011, the trial court denied the motion.   ECF No. 22, ex. A at 8.   On August 23, 2012, the Colorado Court of Appeals affirmed.   ECF No. 22,

ex. H (*People v. Matthews*, No. 11CA2269 (Colo. Ct. App. Aug. 23, 2012) (unpublished)). On June 24, 2013, the Colorado Supreme Court denied certiorari review. ECF No. 22, ex. J.

On August 8, 2013, Mr. Matthews filed his original habeas corpus application (ECF No. 4) with the Court. Respondents concede the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period. Mr. Matthews asserts the following six claims:

> (1) The admission of other-acts evidence violated Applicant's right to a fair trial. ECF No. 14 at 12.
>
> (2) The admission of photographs of his prior acts violated his right to a fair trial. *Id.*
>
> (3) The admission of the photographs without a proper foundation violated his right to a fair trial. *Id.* at 13.
>
> (4) The admission of his involuntary statements violated his right to a fair trial. *Id.*
>
> (5) The admission of testimony not based on personal knowledge violated his right to a fair trial. *Id.* at 14.
>
> (6) The trial court's denial of his motion to dismiss the public defender violated his right to the effective assistance of counsel. *Id.*

## II. Exhaustion and Procedural Default

### A. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the

federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).   Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."   *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.   *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).   A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.   *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).   The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly."   *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).   A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.   *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).   Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.   *See Rose v. Lundy*, 455 U.S.

4

509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents contend claim 4 is exhausted and claim 6 is not. For the reasons stated below, the Court agrees claim 4 is exhausted, but disagrees that claim 6 is.

### Claim 4

Respondents concede that claim 4 is exhausted because Applicant presented the claim as a question of federal constitutional law on direct appeal both in the Colorado Court of Appeals, ECF No. 22, ex. B (appellant's opening brief) at 26, and in the Colorado Supreme Court, ECF No. 22, ex. E (petition for writ of certiorari) at 17. The Court need not further address claim 4 at this time.

### Claim 6

Respondents argue claim 6 is not exhausted because Mr. Matthews failed to present the claim to the Colorado Supreme Court. For the reasons stated below, the Court finds that claim 6 is exhausted.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief

> matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.   Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.   Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.   *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787, at *4 (D. Colo. Feb. 28, 2011).

Respondents concede Mr. Matthews fairly presented claim 6 as a question of federal constitutional law in the Colorado Court of Appeals.   ECF No. 22, ex. B at 36-38. Therefore, the Court finds that claim 6 is exhausted, and the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado.   The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement.   *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); and *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Although the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) has not addressed the specific issue, Respondents argue that in *Prendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012), the Tenth Circuit "suggested" that presentation before the state's highest court is necessary to satisfy the exhaustion

requirement. In *Prendergast*, the Tenth Circuit noted that *Boerckel* requires a state habeas corpus applicant to present his claim to the state's highest court to satisfy the exhaustion requirement. *Prendergast*, 699 F.3d at 1184 n.2. However, absent a definitive holding by the Tenth Circuit on the effect of Colo. App. R. 51.1, this Court holds that Mr. Matthews' failure to raise claim 6 in a petition for certiorari review to the Colorado Supreme Court does not demonstrate that the claim is unexhausted. *See Hoeck v. Timme*, No. 13-cv-02575-WJM, 2014 WL 376398, at *6 (D. Colo. Feb. 03, 2014) (unpublished). The Court finds that claim 6 is exhausted.

### B. Procedural Default

If a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on

comity and federalism concerns.  See *Coleman*, 501 U.S. at 730.   Mr. Matthews' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Matthews must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  See *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).   "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).   If Mr. Matthews can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004).   A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   To demonstrate a fundamental miscarriage of justice, Mr. Matthews first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id.*   He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

Respondents contend claims 1, 2, 3, and 5 are procedurally defaulted. For the reasons stated below, the Court agrees that claim 3 is procedurally defaulted, but disagrees that claims 1, 2, and 5 are.

## Claim 1

In claim 1 Mr. Matthews contends the admission of evidence of his prior incarceration and prior incidents of domestic violence violated his right to a fair trial. ECF No. 14 at 12. Respondents argue Mr. Matthews procedurally defaulted claim 1 because he did not raise the claim as a federal constitutional claim in the Colorado Court of Appeals. They maintain he only made brief mention of the federal due process clause entitling him to a fair trial, but primarily argued the admission of such evidence violated Rule 404(b) of the Colorado Rules of Evidence. ECF No. 24, ex. B at 14-20. The Court disagrees.

The admission of evidence violates due process only when it denies a defendant fundamental fairness. *Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (evidence violates due process only when it is so unduly prejudicial that it renders a trial fundamentally unfair). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990). Judges are to determine only whether the action complained of violates those "fundamental conceptions of justice" which define the sense of "fair play and decency." *Id.* at 353 (citations and internal quotation marks omitted).

In his opening brief on direct appeal, Mr. Matthews argues he is entitled to receive a fair trial under the Fourteenth Amendment to the United States Constitution, and that evidence of his prior incarceration and prior incidents of domestic violence rose to the level of a due process violation. ECF No. 22, ex. B at 12-14. For purposes of the

9

requirement that state court remedies be exhausted before federal habeas review, the crucial inquiry is whether the substance of the applicant's claim has been presented to the state courts in a manner sufficient to put those courts on notice of the federal constitutional claim.   *See Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252.   The Court finds that Mr. Matthews sufficiently alerted the state court of his federal constitutional claim.   Therefore, the Court finds that claim 1 is exhausted.

### Claim 2

As his second claim, Mr. Matthews argues that the admission of photographs of the victim from prior incidents violated his right to a fair trial.   Respondents argue Mr. Matthews procedurally defaulted claim 2 because he did not raise the claim as a federal constitutional claim in the Colorado Court of Appeals.   Again, the Court disagrees.

In his opening brief on direct appeal, Mr. Matthews argues he has a Fourteenth Amendment right to a fair trial, and that allowing pictures of the victim from prior incidents violated that right. ECF No. 22, ex. B at 20, 22.   The Court finds that Mr. Matthews presented the substance of his claim to the state courts in a manner sufficient to put those courts on notice of the federal constitutional due process claim.   *See Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252.   Therefore, the Court finds that claim 2 is exhausted.

### Claim 3

As claim 3, Mr. Matthews alleges that the admission of the photographs of the victim without a proper foundation violated his right to a fair trial.   Respondents argue Mr. Matthews procedurally defaulted claim 3 because he did not raise the claim as a federal constitutional claim in the Colorado Court of Appeals.   The Court agrees.

In his opening brief on direct appeal, Mr. Matthews did not argue that the lack of a proper foundation rose to the level of a due process violation.   Unlike claims 1 and 2, Mr.

Matthews does not even cite to the federal constitutional.  Citing to state case law and evidentiary rules only, he makes the conclusory allegation that he was denied "a fair trial." ECF No. 22, ex. B at 25.  This brief, conclusory reference to a fair trial fails to present the substance of his claim to the state courts in a manner sufficient to put those courts on notice of the federal constitutional due process claim.  See Picard, 404 U.S. at 278; Nichols, 867 F.2d at 1252.  The Court finds that claim 3 is not exhausted.

Any attempt to present the claim at this time in a state postconviction proceeding would be rejected as successive.  Rule 35(c)(3)(VI) and (VII) bar Mr. Matthews from raising in a postconviction motion a claim that already was raised and resolved in a prior appeal or could have been presented in a previous postconviction proceeding; see also People v. Bastardo, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).  As such, the claim is procedurally defaulted.  See Coleman, 501 U.S. at 735 n.1; Anderson, 476 F.3d at 1139 n.7.  Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default.

Claim 5

As claim 5, Mr. Matthews alleges the admission of testimony not based on personal knowledge violated his right to a fair trial.  Respondents argue Mr. Matthews procedurally defaulted claim 5 because he did not raise the claim as a federal constitutional claim in the Colorado Court of Appeals.  The Court again disagrees.

In his opening brief on direct appeal, Mr. Matthews argues he has a Fourteenth Amendment right to a fair trial, and that the admission of testimony without personal knowledge violated that right.  ECF No. 22, ex. B at 31-32.  The Court finds that Mr. Matthews presented the substance of his claim to the state courts in a manner sufficient

to put those courts on notice of the federal constitutional due process claim.   *See Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252.   Therefore, the Court finds that claim 5 is exhausted.

### III.   Conclusion

For the reasons stated above, the second amended application (ECF No. 14) will be denied in part.

Accordingly, it is

ORDERED that claim 3 is dismissed as procedurally defaulted.   It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the following exhausted claims:   claims 1, 2, 4, 5, and 6.   It is

FURTHER ORDERED that a traverse, if any, may be filed **within thirty days of the filing of the answer**.

DATED May 5, 2014, at Denver, Colorado.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge